# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND MARSH, IV, on behalf of himself and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>LTF CLUB MANAGEMENT COMPANY, LLC, d/b/a Life Time Fitness,<br><br>  Defendants. | Civil Action No. 20-cv-10553 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, 1331, 1332(a), and 1332(d), Defendant LTF Club Management Company, LLC ("Life Time") respectfully submits this Notice of Removal to the United States District Court for the District of Massachusetts of a civil action filed against Life Time by Raymond Marsh, IV ("Marsh" or "Plaintiff") in the Superior Court Department of the Trial Court in Middlesex County, Massachusetts (the "Superior Court"). In support of this Notice of Removal, Life Time states as follows.

### FACTUAL BACKGROUND

1. This putative class action was initially filed in Superior Court on February 18, 2020. *See* Plaintiff's Complaint, Civil Action Cover Sheet, and Superior Court Summons attached as Exhibit A, p. 1.

2. Life Time is a Delaware limited liability company that operates a national chain of fitness centers. *See* Delaware registration, attached as Exhibit B. Life Time's principal place of business is located in Chanhassen, Minnesota. Ex. A, ¶ 8.

3. Plaintiff is a Massachusetts resident. Ex., A, ¶ 6.

4. The Massachusetts Supreme Judicial Court recently decided that employees paid by commissions must separately be paid overtime equal to 1.5 times the state minimum wage without regard to what they otherwise are paid. *Sullivan v. Sleepy's LLC*, 482 Mass. 227 (2019) ("*Sleepy's*"). This ruling departed from prior agency guidance, which held that employees paid in commissions did not to be paid overtime provided they were paid more in commissions than they would have earned had they been paid 1.5 times the Massachusetts minimum wage for their work on Sunday, holidays, or in excess of 40 hours per week. *See* Opinion Letters issued by the Massachusetts Department of Labor Standards on March 14, 2003 ("100% Commission-Based Pay and OT") and December 21, 2009 ("Commissioned Employees and Overtime Pay Compensation").

5. Plaintiff worked, at various times, as a personal trainer and group fitness instructor for Life Time. Ex. A, ¶ 6. He alleges that he was paid on both a commission and piece-rate basis, but that he did not receive separate overtime compensation for hours worked on Sunday, holidays, or in excess of 40 hours a week. *Id*., ¶¶ 18-21, 33-38. He also claims that he was required to purchase uniforms in violation of Massachusetts law. *Id*., ¶¶ 24-25, 39-41.

6. The Complaint alleges violations of the Massachusetts Wage Act (M.G.L. c. 149, §§ 148, 150) and Massachusetts Minimum Fair Wage Law (M.G.L. c. 151, § 1A).

7. Plaintiff sues on behalf of a purported class consisting of "all individuals employed as non-managerial trainers or instructors by LTF in Massachusetts during the relevant statutory period and whom LTF has paid on a commission or piece rate basis without separate or additional compensation for overtime, or premium compensation for Sunday or holiday work." Ex. A, ¶ 26.

8. The Complaint alleges that Plaintiff should have been paid overtime, Sunday, and holiday pay at an hourly rate equal to 1.5 times his "regular rate." *Id.*, ¶ 33. A review of his payroll records for the three-year period[1] preceding the filing of the Complaint shows that Plaintiff earned, on average, $40.21 per hour. *See* Declaration of Tanya Flig attached as Exhibit C, ¶ 5. 1.5 times this "regular rate" is $60.32 per hour.[2]

9. The same payroll records show that Plaintiff worked a total of 686.1 hours on Sundays, holidays, or in excess of 40 hours in a week. Ex. C, ¶ 6.

10. Accordingly, the named Plaintiff is seeking to recover approximately $41,385.55 in actual damages (an average of $60.32 per hour for 686.1 hours). This figure, if due, would subject to trebling pursuant to M.G.L. c. 149, § 150, which also allows for the recovery of attorneys' fees.

11. Thus, the total amount-in-controversy with respect to the named Plaintiff exceeds $124,156.65, plus attorneys' fees.[3]

12. In fact, the Complaint makes it clear that Marsh is seeking to recover more than $75,000. For the purpose of establishing the Superior Court's jurisdiction, it avers that "pursuant to M.G.L. c. 212, § 3… there is no reasonable likelihood that Marsh will recover an amount less than or equal to $25,000." Ex. A, ¶ 4. Only single damages may be included in the Superior

---

[1] Claims under the Massachusetts Wage Act and Minimum Fair Wage Law are subject to a three-year statute of limitations. M.G.L. c. 149, § 150.
[2] This appears to be the calculation that Marsh proposes in his Complaint. Ex. A, ¶¶ 33, 36. Life Time does not agree that this is the legally correct calculation, or that Marsh is entitled to any recovery whatsoever.
[3] Again, this is the recovery that Marsh appears to be seeking. Life Time does not agree that Marsh is entitled to any recovery, much less this method of quantifying his alleged damages.

3

Court's amount-in-controversy calculation,[4] whereas multiplied damages are included in this Court's calculation. *Compare* M.G.L. c. 212, § 3 ("Where multiple damages are allowed by law, the amount of single damages claimed shall control [the state amount-in-controversy calculus]") *with Payne v. Goodyear Tire & Rubber Co.*, 229 F. Supp. 2d 43, 46 (D. Mass. 2002) ("It is well-established that colorable multiple damage claims should be included in the [federal] amount-in-controversy calculus."). The Complaint's averment that Marsh seeks single damages in excess of $25,000 makes it a mathematical certainty that he seeks treble damages in excess of $75,000.

## GROUNDS FOR REMOVAL

13. Removal is timely. This Notice of Removal was filed within 30 days of Life Time's receipt of Plaintiff's Complaint pursuant to 28 U.S.C. § 1446(b)(1). The case was filed on February 18, 2020 and removed on March 18, 2020. *See* Ex. A, p. 1 (Superior Court stamp confirming date of filing).

14. This case is removable under 28 U.S.C. § 1441 (diversity jurisdiction) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Section 1332 provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> > (1) citizens of different States….

15. As explained above, the Plaintiff is a citizen of Massachusetts and the Life Time is a citizen of Delaware and Minnesota. *See*, ¶¶ 2, 3, *supra*. This case is subject to removal

---

[4] Plaintiff was aware of this fact, as the civil action cover sheet that he filed in Superior Court (but did not complete) instructed him to "disregard double or treble damage claims" and "indicate single damages only" when calculating his alleged damages pursuant to M.G.L. c. 212, § 3  Ex. A.

4

because there is complete diversity of the parties and there is no defendant residing in Massachusetts. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 609, 163 L. Ed. 2d 415 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.")

16.     There is also well in excess of $75,000 in controversy. As shown at ¶¶ 8-12, *surpa*, Marsh is seeking to recover approximately $41,385.55 in alleged unpaid wages (an average of $60.32 per hour for 686.1 hours), an amount that is subject to trebling under M.G.L. c. 149, § 150. Accordingly, his alleged multiplied lost wages are in excess of $124,156.65.[5] *See Payne*, 229 F. Supp. 2d at 46.

17.     In addition, Plaintiff may also recover attorneys' fees pursuant to M.G.L. c. 149, § 150. *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 81 n.15 (1st Cir. 2014) (attorneys' fees properly included in the amount in controversy where explicitly permitted as part of damages recovery under the applicable statue).

18.     In a putative class action, the amount-in-controversy threshold for diversity jurisdiction is met where, as here, the named plaintiff is seeking to recover more than $75,000.[6] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 547 (2005).

19.     This case is also independently removable under 28 U.S.C. § 1331 (federal question jurisdiction) because Marsh is seeking to recover overtime, Sunday, and holiday pay

---

[5] To be clear: Life Time denies that Plaintiff is entitled to any recovery and further denies that this would be the proper measure of his damages if he were entitled to a recovery.

[6] This case may also be independently removable under 28 U.S.C. § 1332(d), assuming — for the purpose of removal only — that Plaintiff is entitled to recovery of any kind and that his claim actually resembles those of the allegedly numerous individuals he purports to represent.

equal to 1.5 times his "regular rate" of pay. Ex. A, ¶¶ 33, 36 (emphasis added). This is in sharp contrast to the Supreme Judicial Court's calculation in *Sleepy's*, which instead calculated overtime at the rate of 1.5 times the Massachusetts minimum wage. *Sleepy's*, 482 Mass. 227, 235-38 (2019).

20. There is a federal question presented by Plaintiff's demand for overtime equal to 1.5 times his "regular rate" of pay. Ex. A, ¶¶ 33, 36. In filings with this Court in another overtime class action prompted by the *Sleepy's* decision, Plaintiff's counsel argued that the defendant failed to pay "overtime wages as required by state law because they failed to take into account those employees' commissions when calculating their hourly overtime rates, as required by federal law." Dkt. 5 at p. 10, *Barry v. Bob's Discount Furniture, LLC*, No. 19-cv-40103 (D. Mass. Aug. 26, 2019) (emphasis added).

21. Indeed, Plaintiff's counsel made it clear that what otherwise appeared to be Massachusetts state law claims were, in fact, predicated on an alleged violation of the federal Fair Labor Standards Act ("FLSA"). *Id* (arguing that the defendant violated the "Massachusetts Wage Act by failing to pay wages earned under the FLSA."). Their brief specifically cited and relied upon 29 U.S.C. § 207(a) & (e) (requiring overtime at a rate of 1.5 times their employees' "regular rate," and defining "regular rate" to include "all remuneration for employment") and 29 C.F.R. § 778.117 ("Commissions … are payments for hours worked and must be included in the regular rate."). *Id*.

22. Marsh is, of course, free to disavow any claim under FLSA. He cannot, however, insist on a remand to Superior Court while nonetheless pursuing a claim predicated on an alleged violation of federal law (and, in any event, he cannot defeat federal diversity jurisdiction).

23.     28 U.S.C. § 1331 vests federal district courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  A case "aris[es] under" federal law within the meaning of § 1331, if either "federal law creates the cause of action" or "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal*., 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).  On this basis, the Supreme Court recognized that federal courts have subject-matter jurisdiction where, as here, "the cause of action is a creature of state law, but an essential element of the [state law] claim is federal."  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 827–28 (1986).

24.     A copy of this Notice of Removal is being filed with the Superior Court and written notice is being provided to Plaintiff pursuant to 28 U.S.C. § 1446(d).

25.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Life Time in this matter are attached as Ex. A.

26.     Pursuant to D. Mass. L.R. 81.1(a), certified or attested copies of all records, proceedings and docket entries in the Superior Court action shall be filed with this Court within twenty-eight (28) days, presuming that emergency measures taken in response to Covid-19 do not delay the Superior Court's certification of the docket.

27.     In filing this Notice of Removal, Life Time does not waive any defenses objections it may have to service, jurisdiction, venue, or any other defenses or objections.

WHEREFORE, Defendant respectfully requests that the Middlesex County Superior Court proceed no further with the matter designated by the Complaint attached hereto as Ex. A, and that this action be removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

DEFENDANT LTF CLUB
MANAGEMENT COMPANY, LLC

By its attorneys,

_/s/ Robert M. Shaw_____
Robert M. Shaw (BBO No. 669664)
David J. Santeusanio (BBO No. 641270)
Andrew E. Silvia (BBO No. 681922)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone: 617-523-2700
Fax: 617-523-6850
*robert.shaw@hklaw.com*
*david.santeusanio@hklaw.com*
*andrew.silvia@hklaw.com*

DATED:  March 19, 2020

## CERTIFICATE OF SERVICE

I hereby certify that today, March 19, 2020, I will cause a true copy of the above document to be served upon counsel for the plaintiff by e-mail addressed to *hillary@fairworklaw.com* and *brant@fairworklaw.com.*

_/s/ Robert M. Shaw_____